# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ISHMAEL CASH ROLLE, III,**

       **Petitioner,**

**v.**                                   **Case No. 3:12cv206/MW/CJK**

**FLORIDA SECRETARY DEPARTMENT**
**OF CORRECTIONS,**

       **Respondent.**
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 24). Petitioner replied. (Doc. 27). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On February 7, 2011, petitioner was charged by amended information filed in Escambia County Circuit Court Case Number 10-CF-3615, with Burglary of an Unoccupied Dwelling (Count 1) and Grand Theft (Count 2), with the offenses alleged to have occurred on August 9, 2010. (Ex. A, p. 3A).[1] On January 4, 2011, petitioner was charged by amended information filed in the Circuit Court for Escambia County Florida, Case Number 10-CF-3616, with Burglary of an Occupied Dwelling (Count 1) and Grand Theft (Count 2), with the offenses alleged to have occurred on August 10, 2010. (Doc. 24, Ex. A, p. 3). The State filed a Notice of Defendant's Qualification As A Prison Releasee Reoffender, a Notice of Intent to Seek Habitual Felony Offender Sentencing, and a Notice of Intent to Seek Violent Career Criminal Sentencing (as a Habitual Violent Felony Offender). (Ex. A, pp. 9, 10, 11, respectively). The cases were consolidated (ex. A, p. 12), and a jury trial was held on February 7 and 9, 2011. (Exs. B, C). Petitioner's motion for judgment of acquittal was denied as to Case No. 10-CF-3615, but granted as to Count 2 of Case No. 10-CF-3616, and the Grand Theft charge in that case was sent to the jury as a charge of Petit Theft. (Ex. C, p. 257). Petitioner was found guilty of all four counts (Burglary of an Unoccupied Dwelling, Grand Theft, Burglary of an Occupied Dwelling and Petit Theft). (Ex. A, p. 43). On April 20, 2011, petitioner was adjudicated guilty of the offenses, adjudicated a Violent Career Criminal/Habitual Violent Felony Offender, and sentenced as a Violent Career Criminal to concurrent terms of 30 years imprisonment on the Burglary of an Unoccupied Dwelling and Burglary of an Occupied Dwelling, with each sentence carrying a mandatory minimum of 30 years

---

[1]All references to exhibits are to those provided at Doc. 24, unless otherwise noted.

imprisonment. Petitioner was sentenced to a concurrent term of 105.75 months imprisonment on the Grand Theft, and to time served on the Petit Theft. (Ex. A, pp. 45-93; 110-120). Judgment was rendered April 20, 2011. (Ex. A, p. 110). Petitioner's judgment of conviction was per curiam affirmed on direct appeal on February 10, 2012, without a written opinion. (Ex. F).

Petitioner filed his federal habeas petition in this court on April 26, 2012. (Doc. 1, p. 6). The petition raises two grounds for relief. (Doc. 1). Respondent asserts that petitioner is not entitled to relief on either of his claims, because they do not present claims cognizable on federal habeas review, are procedurally defaulted and are without merit. (Doc. 24).

## APPLICABLE LEGAL STANDARDS

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the

requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court

case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

A state court, however, may "decline to apply a specific legal rule that has not been

squarely established by [the Supreme Court]" without running afoul of the

"unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129

S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's

decision, the "unreasonable application" standard focuses on the state court's ultimate

conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272,

1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786,

178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or

theories supported or could have supported the state court's decision, and then ask

whether it is possible that fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior Supreme Court decision. *See*

*Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal

district court may rely on grounds other than those articulated by the state court in

determining that habeas relief was not warranted, so long as the district court did not

err in concluding that the state court's rejection of the petitioner's claims was neither

an unreasonable application of a Supreme Court holding nor an unreasonable

determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus

from a federal court, a state prisoner must show that the state court's ruling on the

claim . . . was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."

*Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the

merits in state court where that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Ground One      "The trial judge erred in denying a motion for judgment of acquittal as the State failed to present any evidence that petitioner entered an occupied dwelling or committed a theft of August 10, 2010, Due Process Violation." (Doc. 1, p. 4).

Petitioner claims there was insufficient evidence to convict him of Burglary of an Occupied Dwelling and Petit Theft. Petitioner argues that the trial court erred when it denied his motion for a judgment of acquittal, because it is error and a violation of due process to deprive petitioner of his liberty when he is "actual innocent" and "factual innocent." (Doc. 1, p. 4). Petitioner asserts that "the issue has not been rule[d] on the merits nor denied on the merits,", but also indicates that he raised this claim in his direct appeal, attaching a copy of his counseled initial brief on appeal. (*Id*. and Attach.).

Respondent asserts that petitioner's claim must be rejected without reaching the merits because it raises a purely state law issue. (Doc. 24, p. 7). Respondent argues in the alternative that even if found to present a federal claim, petitioner procedurally defaulted the federal claim because although he challenged the sufficiency of the evidence in his motion for judgment of acquittal and on direct appeal, he presented his claim as a purely state law issue and failed to apprise the

state court of the federal constitutional nature of his claim. (*Id*., pp. 7-10). As a final alternative, respondent argues that petitioner's claim should be rejected because the state court's denial of relief is consistent with clearly established Federal law. (*Id*., pp. 10-12).

A.     Exhaustion and Procedural Default

To the extent petitioner's claim can be liberally construed as raising a <u>federal constitutional</u> challenge to the sufficiency of the evidence (by petitioner's reference to due process), the claim is unexhausted because petitioner did not present the federal constitutional nature of his claim to the state appellate court on direct appeal. When petitioner challenged the trial court's denial of his motion for JOA on direct appeal, petitioner did not say, or even suggest, that his claim was a federal claim about due process. (Ex. D, pp. 1-12). Although Florida courts assess the sufficiency of the evidence under the standard applied in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the basis of petitioner's argument on direct appeal was that Florida's circumstantial evidence standard applied and required petitioner's acquittal of Burglary of an Occupied Dwelling and Petit Theft. Petitioner cited exclusively to state law cases and all of his substantive arguments addressed the State's failure to meet Florida's standard for assessing the sufficiency of the evidence in wholly circumstantial cases. None of the cases petitioner cited were decided on federal grounds, and nothing in petitioner's direct appeal argument would have alerted the state court to the presence of a federal claim about due process or the Fourteenth Amendment. *See Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) ("[A] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which

he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'").  Thus, petitioner failed to exhaust his federal claim.  *See, e.g., Duncan v. Henry*, 513 U.S. at 365-66 115 S. Ct. at 888 (holding that federal habeas petitioner failed to exhaust his claim that the state trial court's evidentiary ruling violated the Due Process Clause of the Fourteenth Amendment; petitioner's state law claim that the prejudicial effect of the evidence outweighed its probative value was only somewhat similar to, not the same as,  petitioner's federal habeas claim that the evidence was so inflammatory as to prevent a fair trial); *Zeigler v. Crosby*, 345 F. 3d 1300, 1307 (11th Cir. 2003) (holding that federal habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution); *see also, e.g.*, *Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 850 (11th Cir. 2008) (holding that petitioner did not alert the state court to the alleged federal nature of his sufficiency of the evidence claim and therefore failed to exhaust his federal due process claim; "Although Florida courts assess the sufficiency of the evidence under the standard applied in *Jackson*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, the basis of Pearson's argument was that there was no evidence of reasonable fear on the part of the victim, as defined by state law.  Nothing in this argument would have alerted the state court to the presence of a federal claim about due process."); *Cook v. McNeil*, 266 F. App'x 843, 845-46 (11th Cir. 2008) (holding that petitioner did not alert the state court to the alleged federal nature of his insufficient evidence claim and therefore failed to exhaust his federal due process claim; even though petitioner moved for a judgment of acquittal and although Florida courts assess the sufficiency of the evidence under the standard applied in *Jackson,*

*supra*, petitioner cited exclusively to state cases and all of his substantive arguments addressed Florida law; "the tenor of [petitioner's] narrow arguments that challenged the characterization of his knife and the sequence of his actions under the Florida statute did not bring a federal claim about due process to the attention of the state appellate court."); *Troy v. Sec'y of Dep't of Corr.*, No. 8:11cv796, 2013 WL 24212, at *15 (M.D. Fla. Jan. 2, 2013) (finding that federal habeas petitioner's challenge to the sufficiency of the evidence, which relied upon the same state law arguments challenging the sufficiency of the evidence that he presented on direct appeal, provided no basis for federal habeas relief because it presented purely state law issues; further finding that to the extent the claim could be construed as asserting a federal due process challenge to the sufficiency of the evidence, the ground was unexhausted (and procedurally defaulted) because the petitioner presented no federal due process claim to the state courts).

Petitioner is barred by state procedural rules from returning to state court to exhaust the federal constitutional nature of his insufficient evidence claim. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Petitioner's claim is considered procedurally defaulted for purposes of federal habeas review. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of Ground One.

Even assuming for purposes of argument that petitioner's present claim raises a federal constitutional issue and was properly exhausted, petitioner is not entitled to federal habeas relief, because the state court's rejection of his claim is consistent with clearly established Federal law.

B.    Clearly Established Federal Law

As an issue of federal law, petitioner's claim derives from the Fourteenth Amendment due process requirement that the evidence presented at trial be sufficient to convict.  The Due Process Clause of the Fourteenth Amendment requires the state to prove each element of the offense charged beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. at 315, 99 S. Ct. at 2787.  Under *Jackson*, federal courts must look to state law for the substantive elements of the criminal offense, but to federal law for the determination of whether the evidence was sufficient under the Due Process Clause.  *Coleman v. Johnson*, 566 U.S. —, — 132 S. Ct. 2060, 2064, 182 L. Ed. 2d 978 (2012).  When reviewing a claim of insufficient evidence, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt, but "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citation omitted).  The court should not re-weigh the evidence but should view the evidence in the light most favorable to the jury's verdict.  *Id*.  Because jurors are free to evaluate the credibility of testimony and the weight of the evidence, the court should assume that all conflicting inferences were resolved against the defendant.  *Id*. at 326. The test under *Jackson* is a limited one, and it does not require that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id*.; *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987).  "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief."  *Wilcox*, 813 F.2d at 1143.

There are two layers of judicial deference in federal habeas proceedings. *Johnson*, 566 U.S. at —, 132 S. Ct. at 2062.  First, a reviewing state court on direct

appeal may only set aside the jury's verdict for insufficient evidence if no rational trier of fact could have agreed with the jury. *Id*. Second, a federal habeas court may overturn the state court decision only if it was objectively unreasonable. *Id*. The only question for the reviewing state court under *Jackson* is "whether the finding was so insupportable as to fall below the threshold of bare rationality." *Johnson*, 566 U.S. at —, 132 S. Ct. at 2065. That determination in turn is entitled to considerable deference under AEDPA. *Id*.

      C.     Federal Review of State Court Decision

      Petitioner was charged with Burglary of an Occupied Dwelling with the intent to commit theft, in violation of Fla. Stat. § 810.02. Section 810.011(2) defines a "dwelling" to mean:

> a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

Fla. Stat. § 810.011(2) (2010). Petitioner was also charged with theft. Section 812.014(1), Florida Statutes defines theft as when a person:

> knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>
> > (a) Deprive the other person of a right to the property or a benefit from the property.
> >
> > (b) appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1) (2010).

      The State presented evidence that on August 9, 2010, petitioner broke the bedroom window of the victim's home, entered and stole computers, computer

equipment, jewelry and cameras. (Ex. B, p. 87). Petitioner then pawned the jewelry. (Ex. B, p. 87; Ex. C, p. 213). On August 10, 2010, petitioner returned to the victim's home and entered the curtilage of her dwelling. (Ex. B, p. 95). The curtilage was enclosed by a fence and had one gate for ingress and egress. (Ex. B, p. 108). Petitioner went to the broken window which had a plastic garage bag duct-taped over the broken glass. (Ex. B, pp. 95-96). the victim was inside her home at the time and saw petitioner pulling the tape and plastic from the window and trying to get the window open before being chased by the victim's neighbor. (Ex. B, p. 98-99, 102, 113). Petitioner was apprehended after the chase by law enforcement. (Ex. B, p. 118). Petitioner had the victim's high school class ring and a camera in his possession at the time of his arrest. (Ex. B, p. 147; Ex. C, p. 217). A search of petitioner's home revealed computers, computer equipment and more jewelry which had been stolen from the victim. (Ex. C, p. 216).

The State's evidence, when viewed in the light most favorable to the prosecution, was sufficient to enable a rational juror to find beyond a reasonable doubt the elements of Burglary of an Occupied Dwelling and Petit Theft occurring on August 10, 2010. The state court's rejection of petitioner's claim was not contrary to *Jackson*, and did not involve an unreasonable application of *Jackson*.

Ground Two      "Whether the sentencing documents accurately reflect the court's oral pronouncement of sentence, Due Process Violation to denied [sic] without opinion." (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim: "Petitioner's case should have be reversed and remanded to the trial court with directions to the clerk to correct the record, to reflect the correction, if not a due process of petitioner rights have 6, 14 occurred. See attached." (Doc. 1, p. 4). The attachment petitioner

references is a copy of his initial brief on direct appeal, wherein he argued that the written judgment and sentence did not mirror the court's oral pronouncement of sentence. In support, petitioner alleged: "The court orally pronounced the sentence for Count I (Case No. 2010-CF-3615 Burglary of an Unoccupied Dwelling) to be "30 years state prison" with no mention of sentencing the Appellant as a violent career criminal. However, the Clerk's record notes the Appellant was sentenced as a violent career criminal in Count I, case No. 2010–CF-3015. Therefore, this case should be reversed and remanded to the trial court with directions to the Clerk to correct the record." (Doc. 1, Attach., Initial Brief of Appellant at 13-14).

Respondent argues that federal habeas relief should be denied because petitioner's claim presents a purely state law issue, is procedurally defaulted, and is meritless. (Doc. 24, pp. 12-13).

Even assuming for purposes of argument that petitioner's claim is cognizable on federal habeas review and that it was properly exhausted, petitioner is not entitled to relief because his allegations are conclusively refuted by the record. At sentencing, the court adjudicated petitioner guilty of all four counts consistent with the jury verdict. (Ex. A, pp. 43, 46, 90). The court sentenced petitioner to time served on Count 4 (Petit Theft) (*id*., p. 90), determined that petitioner qualified for sentencing as a Violent Career Criminal ("VCC") (*id*., p. 91), and sentenced petitioner on the remaining counts as follows:

> Well, it's pretty clear that he's been in prison virtually constantly since 1985 with just very little time in between that he hasn't been, and, indeed, his charges in '85 escalated. And I know he said he wrote a letter, and he was telling me today about the fact that he'd just got caught up in some things, but, I mean, ultimately, an attempted second-degree murder charge. And, as counsel pointed out, he was released in

January '09 and right back to breaking in houses.

> So I do find that not only has the State met the burden of designating him a VCC, but I am going to sentence him as a VCC. And so he will be – Count 1, it's going to be 30 years state prison with credit for time served. Count 3 is going to be 30 years VCC, as well, to run concurrent. And Count 2, I guess, because it's not VCC, I would sentence him to 105.75 months state prison concurrent.

(Ex. A, pp. 91-92) (both emphasis added). The record contains no discrepancy or ambiguity. The trial court sentenced petitioner as a VCC on both Counts 1 and 3. The state court's denial of relief was consistent with due process. Petitioner is not entitled to federal habeas relief on Ground Two.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Ishmael Cash Rolle, III* in the Circuit Court for Escambia County, Florida, Case Numbers 10-CF-3615 and 10-CF-3616, be DENIED, and the Clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of December, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).